UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,     JUDGMENT

           Plaintiff,     19-CV-05528 (LDH) (CLP)

    v.

MICHAEL J. STARKWEATHER and
ANDIAMO CORPORATION,

           Defendants.
----------------------------------------------------------------X

An Order of the Honorable LaShann DeArcy Hall, United States District Judge, having been filed on January 14, 2021, granting the motion to approve consent judgment; and directing the Clerk of Court to enter judgment against Defendant Michael J. Starkweather; it is

ORDERED and ADJUDGED that the motion to approve consent judgment is granted; that judgment is hereby entered against Defendant Michael J. Starkweather; that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; it is

FURTHER ORDERED and ADJUDGED that as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a); it is

FURTHER ORDERED and ADJUDGED that pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; it is

FURTHER ORDERED and ADJUDGED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1]; it is

FURTHER ORDERED and ADJUDGED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein; it is

FURTHER ORDERED and ADJUDGED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: Brooklyn, New York  
       January 19, 2021

Douglas C. Palmer  
Clerk of Court

By:    _/s/Jalitza Poveda_  
       Deputy Clerk